UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-296 (JEL)

| | | |
|---|---|---|
| Mark of Excellence Homes, Inc. | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DH Land Company, Inc., Sunridge Townhomes, LLC | ) | |
| | ) | |

This comes before the Court on defendants' DH Land Company, Inc., Sunridge Townhomes, LLC and Douglas Hanson's motion for summary judgment in a copyright infringement and deceptive trade practices claim. Oral arguments were heard on July 10, 2002. Finding significant disputed material fact issues remain, summary judgment is denied.

I. Background

Plaintiff and defendant are both land development corporations engaged in the construction and sale of townhomes. Plaintiff brought this suit claiming defendants' townhome design infringes upon the unique design of his D-2 and E-4 floor plans. Plaintiff asserts that defendants copied these designs after defendant Hanson's mother purchased a Mark of Excellence home and was given copies of the floor plans presently at issue. Defendant Hanson admits both that he saw floor plans and that he toured a Mark of Excellence model home with his mother. Following his mother's purchase of the townhome, defendant purchased land in Andover, Minnesota for development, met with a drafter to finalize his proposed floor plan designs, and built model homes, subsequently selling multiple units. Defendant denies copyright infringement and now moves for summary judgment, alleging that plaintiff has submitted insufficient evidence to prove the two designs are substantially similar.

FILED JUL 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

II. Analysis

A. Summary Judgment

Defendants seek summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). As the Supreme Court noted, "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986). On a motion for summary judgment, the court views all evidence in favor of the nonmoving party. Anderson, 477 U.S. at 250.

The party opposing summary judgment may not rest upon its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. Id. at 248-49; see also Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992). If the opposing party fails to carry this burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. Celotex, 477 U.S. at 322; Mt. Pleasant v. Associated Elec. Coop., Inc., 838 F.2d 268 (8th Cir. 1988).

B. Copyright Infringement:

The parties agree that architectural plans and drawings are protected by copyright law as "pictorial, graphic, and sculptural works" and "architectural works." 17 U.S.C. § 102(a)(5) & (8). The Copyright Act defines architectural work as:

> the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101.

Copyright law provides that the design of a building is protected, including "the composition of spaces and elements in the design" but excluding "the individual standard features." 17 U.S.C. § 101. "Ideas, concepts, and processes are not protected from copying." Kootenia Homes, Inc. v. Reliable Homes, Inc., 2002 U.S. Dist. LEXIS 235 (D. Minn. 2002), citing Attia v. Society of New York Hospitals., 201 F.3d 50, 54 (2d. Cir. 1999). Obviously, ideas such as placing kitchens and dining rooms near to one another are not capable of copyright protection. See J.R. Lazaro Builders, 883 F. Supp. 336, 343 (S.D. Ind. 1995).

To establish copyright infringement, plaintiff must prove ownership of the copyright and copying by defendant. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987). A valid copyright is prima facie evidence of ownership. CSM Investors, Inc. v. Everest Dev. Ltd., 840 F. Supp. 1304, 1309 (D. Minn. 1994). There is no dispute between the parties that plaintiff's own a valid copyright covering the blueprints and designs at issue. Thus, a prima facie showing of ownership has been established.

While the level of originality required for copyright protection is low, see Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991), defendants still argue that the design elements that plaintiff is trying to protect are unprotectable. Defendants submit that much of what plaintiff is attempting to copyright consists simply of common elements and standard features, such the whirlpool tub in the corner of a master bath, a vaulted ceiling, and open dining rooms and kitchens. Defendant contends these are merely ideas and common elements, and are not copyrightable. It is true that whirlpool baths and vaulted ceilings found in plaintiff's homes are common features in townhouses priced in the range of both plaintiff's and defendants' homes. As

noted in a similar case, "market forces drive a tendency towards similarity and conformity." See Kootenia Homes, 2002 U.S. Dist. Lexis 235. "Common elements and generic features are shared by all homes. The Copyright Act does not protect the ideas for juxtaposing these living spaces." Id. "Efficiency concerns and the need for functional living in the home inevitably constrain the number of variations in the configuration of the rooms and spaces." Id. Plaintiff concedes that the common elements of its floorplans are not protected. However, plaintiff is attempting to protect the overall arrangement and composition of the elements in its townhome designs and floor plans, and this is protectable. See 17 U.S.C. § 101; see also Arthur Rutenberg Homes, Inc. v. Maloney, 891 F. Supp. 1560, 1566 (M.D. Fla. 1995) (holding that the overall arrangement of these features can encompass a certain "look" or "feel" that is unique to a particular design and can be entitled to copyright protection).

In the second step of establishing copyright infringement, plaintiff must prove copying by defendant. Id. Here, without direct evidence that defendants copied plaintiff's plan, plaintiff must demonstrate copying through circumstantial evidence. Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 942 (8th Cir. 1992). Therefore, plaintiff must prove infringement by showing access and substantial similarity. Id. Access can be established by showing defendant had an "opportunity to view or to copy" its work. Id. Access has been demonstrated here. Defendant Hanson visited the plaintiff's model home, his mother purchased a townhome from plaintiff, defendant viewed his mother's floor plans, and observed the construction of her townhome. At the very least, the Court will assume, for purposes of defendants' summary judgment motion, that defendant had the opportunity to view or copy plaintiff's work.

To determine substantial similarity, the Eighth Circuit has adopted a two-part analysis. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987). First, the Court extrinsically evaluates the objective similarity of the works. If the Court finds the works are substantially similar, it then utilizes an intrinsic analysis, focusing on the response of an ordinary, reasonable person. See Schoolhouse, Inc. v. Anderson, 275 F.3d 726, 729 (8th Cir. 2002).

The parties dispute whether expert testimony is required in the first prong (the extrinsic evaluation). While Eighth Circuit copyright infringement decisions often employ expert testimony to distinguish between two works, it has not been held that expert testimony is *required*. See, e.g., Hartman, 833 F.2d at 120 (stating "expert opinion evidence is *admissible* in connection with the first step of the substantial similarity analysis"). While this Court is mindful that expert testimony would be helpful in this first step to establish substantial similarity or distinguish between two works, it finds there is no requirement that expert opinion evidence be submitted in order to defeat a summary judgment motion. Under the extrinsic evidence test, the Court concludes a reasonable factfinder could find that the two plans have substantially similar ideas.

In the second prong of the substantial similarity analysis, plaintiff argues that defendants' expression and the general layout in its floorplans would be found to be substantially similar by an ordinary, reasonable person. Additionally, defendant uses similar decorative details, such as eyebrow gables on the garages, and locates plant ledges similarly throughout the home. The exterior design and appearance of the townhomes, including stone or brick veneer, taupe colored siding, and weathered wood shingles are also similar. Defendant, however, asserts that there are significant dissimilarities between the two, which are relevant to the inquiry. See Howard v. Sterchi, 974 F.2d 1272, 1276 (11th Cir. 1992) (finding that "in architectural plans of this type, modest dissimilarities

are more significant than they may be in other types of art works"); Kootenia, at *17 (citing *Attia* for the principle that "dissimilarity may be important in determining whether there is substantial similarity"). "The existence of differences will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of [the copyrighted] work." CSM Investors, Inc. v. Everest Development, Ltd., 840 F. Supp. 1304, 1312 (D. Minn. 1994). One of the differences defendants cites is the entrance to the homes, which is placed in a different location in the two homes. One enters the defendants' homes through the front, while plaintiff's home is entered on the side. This provides both the exteriors and interiors of the homes with a different aesthetic.

The Court cannot determine as a matter of law that an ordinary, reasonable person could not find that the plans are substantially similar. Accordingly, summary judgment is precluded. See Hartman, 833 F.2d at120 (stating that while summary judgment is not favored, it is appropriate if the works are so dissimilar that reasonable minds could not differ as to the absence of substantial similarity in expression). Significant material fact disputes remain on this question. Based on the files, records, proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

Defendant's motion for summary judgment is denied. [Docket # 23].

Dated: July 31, 2002

JOAN ERICKSEN LANCASTER
United States District Judge